UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

In re:                                    Civil Case No. 04-40236


                                          Hon. Paul V. Gadola
The Joseph Investment Group, L.L.C.

          Debtor.                         Bankruptcy Case No. 03-33126
                                            Chapter 11
                                            Hon. Walter Shapero

---

Genoak Construction Company, and
Emerald Waters Properties, L.L.C.

          Appellants,

v.

The Joseph Investment Group, L.L.C.
The Official Unsecured Creditors Committee of
Joseph Investment Group, L.L.C.
Vincent DiLorenzo and Larry Voelpel, for themselves
And for Jewel Construction Company, Inc.

          Appellees.

---

### ORDER GRANTING APPELLEE'S MOTION TO DISMISS BANKRUPTCY APPEAL

This appeal arises from a bankruptcy proceeding that ordered
the sale of a parcel of real estate.  Debtor Appellee, The Joseph
Investment Group, L.L.C. brings this motion to dismiss the appeal
of Genoak Construction Company as premature, or in the alternative,
to dismiss the appeal pursuant to 11 U.S.C. § 363(m).  Because
Appellant filed the notice of appeal prior to the Bankruptcy

Court's announcement of its decision, the Court will grant Appellee's motion to dismiss the appeal and will not reach the alternative argument.

## I.   BACKGROUND

Debtor Appellee The Joseph Investment Group, L.L.C. ("JIG") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on August 6, 2003.  Appellee JIG was a single-asset real property development company.  The real estate at issue in the bankruptcy proceeding was a residential development property located in Grand Blanc Township, Michigan, known as Emerald Falls. Appellee JIG failed to obtain post-petition financing to continue the project.  Consequently, after filing under Chapter 11, Appellee JIG sought a buyer for the property and negotiated the sale of the property to Vincent DiLorenzo and Larry Voelpel ("Buyers").

Prior to the petition date, Appellant Genoak Construction Company ("Genoak") loaned and/or advanced money to Debtor Appellee JIG pursuant to a construction contract for land development work on the Emerald Falls project.  JIG pledged and granted to Appellant Genoak a first priority security interest in all of JIG's present and future right, title, and interest to its personal property assets related to the project.  JIG defaulted under the contract. These underlying facts, however, are immaterial to the present motion to dismiss the appeal on procedural grounds.

2

The relevant procedural history begins with an August 17, 2004 hearing before the Bankruptcy Court on the Debtor JIG's motion to enter into the purchase agreement to sell the parcel to the Buyers. At 3:56 p.m., the bankruptcy court announced a recess "for the purpose of trying to figure out what [the Court] should do in this matter."   Appellee's Mot., Ex. A at 54.   According to the Bankruptcy Court file, Appellant filed its notice of appeal at 3:58 p.m., during the recess.   Appellee's Supp. Ex. D.   The court reconvened the hearing at 4:30 p.m.   At approximately 5:30 p.m., the Bankruptcy Court announced its "conclusion that the sale should go forward."   Appellee's Mot., Ex. A at 91.   At 5:44 p.m., the court entered the written Sale Order.  Appellee's Mot., Ex. B.  The written Sale Order included a waiver of the automatic 10 day stay of the sale imposed by Federal Rule of Bankruptcy Procedure 6004(g).

Appellee JIG now brings this motion to dismiss Appellant's notice of appeal as premature.  In particular, Appellee JIG claims that the appeal must be dismissed because the notice of appeal was filed before the bankruptcy court's decision.

## II.   ANALYSIS

The Federal Rules of Bankruptcy Procedure provide the procedures for taking an appeal from a judgment, order, or decree of a United States Bankruptcy Court to a District Court.   In this

case, Appellants filed a notice of appeal as of right, pursuant to
Federal Rule of Bankruptcy Procedure 8001.  Appellants sought to
appeal the August 17, 2004 Sale Order, which was a final order for
the purposes of an appeal.

Federal Rule of Bankruptcy Procedure 8002(a) was modeled after
and conforms substantially to the Federal Rule of Appellate
Procedure 4(a), both of which govern the time and procedure for the
taking of an appeal.  Appellate Rule 4(a)(2) reads: "Filing Before
Entry of Judgment.  A notice of appeal filed after the court
announces a decision or order-but before the entry of the judgment
or order-is treated as filed on the date of and after the entry."
Bankruptcy Rule 8002(a) incorporates the language of Appellate Rule
4(a)(2).  The pertinent part of Rule 8002(a) reads: "A notice of
appeal filed after the announcement of a decision or order but
before entry of the judgment, order, or decree shall be treated as
filed after such entry and on the day thereof."  Accordingly, in
analyzing the present case according to Rule 8002(a), the Court
will review decisions addressing the effectiveness of a notice of
appeal filed before a final order in the context of Rule 4(a)(2).

Although the parties cite to other circuits in support of
their arguments, this Court first looks to the Supreme Court's
application of Rule 4(a)(2) in <u>Firstier Mortgage Company v.
Investors Mortgage Insurance Company</u>, 498 U.S. 269 (1991), as

instructive.   In <u>Firstier</u>, the district court granted defendant's

motion for summary judgment in an announcement from the bench on

January 26, 1989.  On February 8, 1989, Plaintiff filed a notice of

appeal from the January 26 ruling.   The district court entered

judgment on March 3, 1989, after the notice of appeal.  The Court

of Appeals dismissed the appeal as premature because the January 26

announcement was not an appealable, final decision under 28 U.S.C.

§ 1291.   The Supreme Court reversed, determining that the ruling

from the bench was "a 'decision' under Rule 4(a)(2)," even if it

was not final in the context of section 1291.  <u>Id.</u> at 275.  Rule

4(a)(2) does not, however, contravene section 1291 because the

effective notice of appeal "relate[s] forward" as from the final

judgment.  <u>Id.</u>  Thus, the notice of appeal filed from the decision

announced by the District Court and subsequently entered as a final

judgment served as an effective notice of appeal.

 The Court noted that the cases cited in the Advisory Committee

Notes "suggest that Rule 4(a)(2) was intended to protect the

unskilled litigant who files a notice of appeal from a decision

that he reasonably but mistakenly believes to be a final judgment."

<u>Id.</u> at 276.  Furthermore, the Supreme Court instructed:

> This is not to say that Rule 4(a)(2) permits a notice of
> appeal from a clearly interlocutory decision . . . to
> serve as a notice of appeal from the final judgment.  A
> belief that such a decision is a final judgment would *not*
> be reasonable.   In our view, Rule 4(a)(2) permits a

notice of appeal from a nonfinal decision to operate as
a notice of appeal from the final judgment only when a
district court announces a decision that *would be*
appealable if immediately followed by the entry of
judgment.  In these instances, a litigant's confusion is
understandable, and permitting the notice of appeal to
become effective when judgment is entered does not catch
the appellee by surprise.

Id.

A court in this district addressed Firstier in Render v.
Internal Revenue Service, 309 F. Supp. 2d 938 (E.D. Mich. 2004)
(Rosen, J.).   On May 21, 2002, plaintiff, proceeding *pro se*,
commenced her appeal in the wrong forum, the Tax Court instead of
the District Court.   On July 24, 2002, the Tax Court issued a
Notice of Filing, informing plaintiff that the IRS filed a motion
to dismiss for lack of jurisdiction.  Plaintiff then commenced her
appeal in the District Court on August 14, 2002.   The IRS argued
that the appeal to the District Court was premature and should be
dismissed.

Judge Rosen referred to Rule 4(a)(2): "a premature notice of
appeal may be treated, *under appropriate circumstances*, as 'filed
on the date of and after the entry' of the underlying judgment or
order being appealed."  Id. at 941 (emphasis added).  He also noted
that "[t]he Supreme Court has explained that this provision is
'intended to protect the unskilled litigant who files a notice of
appeal from a decision that he reasonably but mistakenly believes

to be a final judgment, while failing to file a notice of appeal from the actual final judgment.'"   Id. (quoting Firstier, 498 U.S. at 276).   Judge Rosen determined that it would be reasonable for a plaintiff to believe that the IRS's motion to dismiss was indicative that she filed in the wrong court, and that her appeal belonged in the District Court.   "This case, in short, seems to fit comfortably within Firstier Mortgage's discussion of a 'reasonable mistake' by an 'unskilled litigant.'"   Render, 309 F. Supp. 2d at 943 (quoting Firstier, 498 U.S. at 276).   Thus, the IRS's motion to dismiss was denied.

The factors found in Firstier and Render that allowed a court to accept a premature notice of appeal are not present in this case.   The Bankruptcy Court announced its decision to grant Appellee's Sale Order at approximately 5:30 p.m.   Appellant's notice of appeal had already been filed at 3:58 p.m., over an hour before, during a recess.   Prior to the 5:30 p.m. announcement, the court made no announcement of a final or non-final decision from which Appellant could appeal.   In Firstier, the notice of appeal was filed *after* the announcement of the decision.   In this case, the notice of appeal was filed *before* the announcement of the decision.   Also, Appellant is not the "unskilled litigant," as found in Render, who reasonably believed she was appealing a final decision.   Appellant filed its notice of appeal through counsel who

7

expressly argued that the timing of the filing was intended to prevent a closing on the sale of the real estate at issue. Furthermore, it would not be reasonable for Appellant to believe that the proceedings prior to the court's recess constituted a final decision.  The Bankruptcy Court announced the recess for the specific purpose of deciding the matter.

The Court is mindful of the Sixth Circuit's holding in <u>Jackson v. TVA</u>, 595 F.2d 1120 (6th Cir. 1979), in which appellants failed to file a new notice of appeal once the district court reinstated its final judgment on remand.  The Sixth Circuit analogized to a premature filing of a notice of appeal and stated, "While the better practice would have been to file a new notice of appeal, we do not find this fault to be fatal since the initial notice of appeal was timely filed."  <u>Id.</u>  In this case, however, there was no timely notice of appeal; the *only* notice of appeal was premature.

Subsequently, in <u>Good v. Ohio Edison Company</u>, 104 F.3d 93 (6th Cir. 1997) and <u>Gillis v. United States Department of Health and Human Services</u>, 759 F.2d 565 (6th Cir. 1985) the Sixth Circuit validated premature notices of appeal based upon <u>Jackson</u>.  These cases, however, dealt specifically with Federal Rule of Appellate Procedure 54(b), which provides for certification of a partial judgment as final.  The Sixth Circuit determined that a Rule 54(b) certification, obtained after the filing of an appeal, validates

the premature notice of appeal because it is analogous to the circumstances in Rule 4(a)(2): there is a prior announcement of a decision and a subsequent final judgment.

In conclusion, courts have interpreted Rule 4(a)(2) as allowing premature notice of appeal if the notice is filed after the court announces its decision, even if the filing occurs before entry of judgment.  Appellant's notice of appeal in this case, however, was filed before both the announcement and the entry of the bankruptcy court's decision.  The notice was filed during a recess called by the bankruptcy court for the explicit purpose of deciding the matter.  The bankruptcy court did not announce its decision until the court reconvened.  Thus, this case does not fall within Rule 4(a)(2)'s provisions for validating a premature notice of appeal.  Consequently, Federal Rule of Bankruptcy Procedure 8002(a) mandates the dismissal of this appeal as premature.

**III. CONCLUSION**

**ACCORDINGLY**, **IT IS HEREBY ORDERED** that Appellee's motion to dismiss the appeal [docket entry 5] is **GRANTED** and this bankruptcy appeal, case number 04-40236, is **DISMISSED**.

**SO ORDERED.**

Dated: August 16, 2005          s/Paul V. Gadola
                                HONORABLE PAUL V. GADOLA
                                UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   August 17, 2005   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

_____ ,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:     Jeffrey S. Grasl; Ralph E. McDowell      .


s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845